IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA    )
                            )
   v.                       )       1:12CR45
                            )
LUTHER PAUL TREXLER, JR.    )

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Defendant Luther Paul Trexler, Jr.'s "Motion to Determine Competency of the Defendant under 18 USC s 4241(b)" (Docket Entry 9). For the reasons that follow, the Court will deny the instant Motion without prejudice to the filing of a motion that accounts for matters discussed in this Order.

BACKGROUND

A federal grand jury for this district indicted Defendant Trexler for possessing a firearm and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1). (Docket Entry 1.) Following Defendant Trexler's arrest and initial appearance, but prior to his detention hearing and arraignment, counsel for Defendant Trexler moved for a continuance and "an [e]valuation of [Defendant Trexler] to determine whether [he] is competent to proceed." (Docket Entry 8 at 2.) The Court continued the scheduled proceedings and directed counsel for the parties to "consult about the language necessary to effect an evaluation of Defendant Trexler under 18

U.S.C. s 4241(b) and the preparation of a report pursuant to 18 U.S.C. s 4247(b) and (c), and [to] submit a supplemental motion with a proposed order addressing such matters." (Text Order dated July 18, 2012.)

Defendant Trexler's counsel thereafter filed the instant Motion, which represents, as pertinent herein, the following:

1) Defendant Trexler's counsel "moves the [C]ourt for the appointment of a Forensic Evaluator to conduct an evaluation of [Defendant Trexler] pursuant to 18 USC Section 4241(b)" (Docket Entry 9 at 1 (emphasis added));

2) counsel for the United States "does not object to the appointment of a Local Forensic Evaluator" (id. at 3);

3) Defendant Trexler's counsel "has spoken with Dr. James H. Hilkey, PHD-Psychology . . . [who] agreed to conduct the evaluation and submit a report to the Court in accordance with 18 USC 4247(b) and (c)" (id. (emphasis added));[1] and

4) "Dr. Hilkey has agreed to conduct the evaluation at Alamance County Detention Center – Annex" (id.).

The proposed order appended to the instant Motion states, in relevant part, as follows:

---

[1] A copy of Dr. Hilkey's resume attached to the instant Motion confirms that he received a Ph.D. in "Counseling Psychology" and that he holds a license in North Carolina as a "Psychologist." (Docket Entry 9-2 at 1.)

1) counsel for Defendant Trexler "moved this [C]ourt for the appointment of an expert pursuant to 18 U.S.C. Section 3006(A)(e)(1)" (Docket Entry 9-1 at 1 (emphasis added));

2) "[a] licensed <u>psychiatrist</u> shall perform a forensic evaluation of [Defendant Trexler]" (<u>id.</u> (emphasis added)); and

3) "the licensed <u>psychiatrist</u> shall prepare a report in accordance with <u>18 U.S.C. 4247(b) and (c)</u>" (<u>id.</u> (emphasis added)).

DISCUSSION

The Court cannot grant the instant Motion because of material inconsistencies and ambiguities in the instant Motion and its attached proposed order. As an initial matter, the proposed order calls for the appointment of a licensed psychiatrist, but the instant Motion proposes appointment of a licensed psychologist. (<u>Compare</u> Docket Entry 9-1 at 1, <u>with</u> Docket Entry 9 at 3.) Further, the instant Motion seeks "appointment of a Forensic Evaluator to conduct an evaluation of [Defendant Trexler] pursuant to <u>18 USC Section 4241(b)</u>" (Docket Entry 9 at 1 (emphasis added)), but the proposed order describes the instant Motion as soliciting "appointment of an expert pursuant to <u>18 U.S.C. Section 3006(A)(e)(1)</u>" (Docket Entry 9-1 at 1 (emphasis added)).

Section 4241(b) provides that, before a hearing to assess competency under 18 U.S.C. §§ 4241(a) and (c) and 4247(d), a "court may order that a psychiatric or psychological examination of the

-3-

defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of [18 U.S.C. §] 4247(b) and (c)." 18 U.S.C. § 4241(b). By contrast, Section 3006A(e)(1) allows a court, in a case with a defendant "who is financially unable to obtain investigative, expert, or other services [in addition to counsel and] necessary for adequate representation . . ., [to] authorize counsel to obtain the services." 18 U.S.C. § 3006A(e)(1). In other words, Section 4241(b) (analogous elements of which formerly appeared in 18 U.S.C. § 4244, see United States v. Wilkinson, No. 07-12061-MLW, 2008 WL 427295, at *13 n.6 (D. Mass. Feb. 14, 2008) (unpublished)) "permits an examination to determine whether a defendant is . . . so mentally incompetent as to be unable to understand the proceedings against him or properly assist in his own defense," United States v. Reason, 549 F.2d 309, 311 (4th Cir. 1977) (internal quotation marks omitted), whereas "[Section] 3006A(e), insofar as pertinent, affords an accused the reasonable opportunity to procure the services of a psychiatrist to assist him in his defense," id.

This distinction has material significance because the competency expert "is expected to be neutral and detached. The [Section] 3006A(e) expert fills a different role. He supplies expert services 'necessary to an adequate defense.' He can be a partisan witness. His conclusions need not be reported in advance

-4-

Case 1:12-cr-00045-WO   Document 10   Filed 08/09/12   Page 4 of 8

defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of [18 U.S.C. §] 4247(b) and (c)." 18 U.S.C. § 4241(b). By contrast, Section 3006A(e)(1) allows a court, in a case with a defendant "who is financially unable to obtain investigative, expert, or other services [in addition to counsel and] necessary for adequate representation . . ., [to] authorize counsel to obtain the services." 18 U.S.C. § 3006A(e)(1). In other words, Section 4241(b) (analogous elements of which formerly appeared in 18 U.S.C. § 4244, see United States v. Wilkinson, No. 07-12061-MLW, 2008 WL 427295, at *13 n.6 (D. Mass. Feb. 14, 2008) (unpublished)) "permits an examination to determine whether a defendant is . . . so mentally incompetent as to be unable to understand the proceedings against him or properly assist in his own defense," United States v. Reason, 549 F.2d 309, 311 (4th Cir. 1977) (internal quotation marks omitted), whereas "[Section] 3006A(e), insofar as pertinent, affords an accused the reasonable opportunity to procure the services of a psychiatrist to assist him in his defense," id.

This distinction has material significance because the competency expert "is expected to be neutral and detached. The [Section] 3006A(e) expert fills a different role. He supplies expert services 'necessary to an adequate defense.' He can be a partisan witness. His conclusions need not be reported in advance

. . . to the court or to the prosecution." Id. (internal block quotation formatting omitted) (quoting United States v. Bass, 477 F.2d 723, 725-26 (9th Cir. 1973), which, in turn, cited United States v. Theriault, 440 F.2d 713, 715 (5th Cir. 1971)).

Accordingly, for a competency hearing, a court need not appoint a mental health expert suggested by defense counsel. See United States v. Davis, 481 F.2d 425, 427-28 & n.1 (4th Cir. 1973); see also 18 U.S.C. § 4247(b) ("A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court, except that if the examination is ordered under section 4245, 4246, or 4248, upon the request of the defendant an additional examiner may be selected by the defendant."). Moreover, the source of payment differs for appointments under Section 4241(b) and under Section 3006A(e)(1):

> Generally, as the chart [in the relevant portion of the Guide to Judiciary Policies and Procedures] indicates, when competency is in issue, the [United States Department of Justice] has the responsibility for payment of the costs of psychiatric and related expert services in conducting examinations and testifying at competency hearings. When psychiatric or related expert services are necessary to develop and prove a defense, they are covered under the [Criminal Justice Act].

United States v. McKinney, No. 5:06CR255, 2008 WL 828299, at *1 (S.D.W. Va. Mar. 21, 2008) (unpublished).

-5-

Consistent with the fact that the United States Department of Justice bears the cost of competency examinations, as well as related report-preparation and hearing testimony, and has licensed psychiatrists and psychologists on staff within the Bureau of Prisons, "[f]or purposes of an examination pursuant to an order under section 4241 . . ., the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, . . . to the custody of the Attorney General for placement in a suitable facility," 18 U.S.C. § 4247(b). The foregoing statute does not require that all competency examinations take place in a Bureau of Prisons facility; however, any defense motion seeking appointment of a psychiatrist or psychologist in private practice, like Dr. Hilkey, to perform a competency evaluation under 18 U.S.C. § 4241(b) should include an unambiguous statement as to whether a representative of the United States Department of Justice authorized to obligate funds for expenditures of this sort has received and has approved an estimate of the costs for conducting the evaluation, preparing the related report, and providing necessary testimony at a competency hearing. See generally United States v. Bussell, No. 3:10CR159, 2011 WL 2037013, at *3 (E.D. Tenn. May 24, 2011) (unpublished) (requiring, in case of competency evaluation outside Bureau of Prisons, that defense counsel provide

-6-

cost estimate to counsel for United States and allowing counsel for United States to object, inter alia, based on estimated cost).

As a final matter, the instant Motion represents that "Dr. Hilkey has agreed to conduct the evaluation at Alamance County Detention Center – Annex" (Docket Entry 9 at 3); however, the instant Motion does not contain any representation that the United States Marshal's Office can keep Defendant Trexler at said facility throughout the period over which Dr. Hilkey would conduct any such evaluation or that officials at any facility that might house Defendant Trexler will permit and/or can accommodate all the interaction Dr. Hilkey would need with Defendant Trexler to complete the evaluation. The Court thus has no way to know if the circumstances of Defendant Trexler's custody placement will be compatible with the proposed appointment of Dr. Hilkey (i.e., will Dr. Hilkey complete the evaluation even if Defendant Trexler does not remain at the Alamance County Detention Center throughout the period of any evaluation and/or will Dr. Hilkey have necessary access to Defendant Trexler at the Alamance County Detention Center or other facilities where the United States Marshal's Office may have to place him during the evaluation period).

## CONCLUSION

The Court cannot grant the instant Motion because Defendant Trexler's counsel has not made clear: 1) whether he seeks

-7-

appointment of a psychiatrist or a psychologist; 2) whether he seeks any such appointment under Section 4241(b) or Section 3006A(e)(1); 3) whether the United States Department of Justice has approved the estimated costs of the proposed private evaluator; and 4) whether the proposed private evaluation accounts adequately for possible variables associated with Defendant Trexler's custody.

**IT IS THEREFORE ORDERED** that Defendant Luther Paul Trexler, Jr.'s "Motion to Determine Competency of the Defendant under 18 USC s 4241(b)" (Docket Entry 9) is **DENIED** but without prejudice to the filing of a motion that properly addresses issues identified in this Order.

This the 9th day of August, 2012.

                                        /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                             **United States Magistrate Judge**